SUMMARY ORDER

Hans Sterzelbach appeals from a judgment, entered by Judge Skretny, sentencing him to a term of imprisonment of sixty months after appellant waived indictment and pled guilty to a single count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
We review sentences for reasonableness, “a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is ‘inside, just outside, or significantly outside the Guidelines range.’ ” United States v. Jones, 531 F.3d 163, 170 (2d Cir.2008) (quoting Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). The review proceeds in two steps, requiring first a determination whether the sentence was administered without procedural error, and second, if so, whether the sentence is substantively reasonable in light of the totality of the circumstances. See United States v. Williams, 524 F.3d 209, 214 (2d Cir.2008).
Appellant raises two challenges to his sentence. First, he argues that the district court gave insufficient weight to evidence that reflected favorably on him, including, inter alia, appellant’s voluntary participation in therapy and the therapist’s view that appellant showed remorse.
However, the district court expressly and adequately addressed appellant’s contentions regarding his voluntary engagement in sex offender counseling and the favorable evidence adduced from both his therapist and his family. As a general matter, “we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors” listed in 18 U.S.C. § 3553(a). United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006). “[W]e will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor.” Id. at 34.
Second, appellant contends that the district court failed to give adequate consideration to his ai'gument that the five-level enhancement he received pursuant to U.S.S.G. § 2G2.2(b)(2)(B) (2003) for distribution was unwarranted because the material he transmitted to undercover agents displayed minors in sexual poses but did not depict sexual activity and because he was generally reluctant to transmit such materials. We disagree.
*75 The district court expressly took into account appellant’s argument that the five-level enhancement was unwarranted in the circumstances of his case. To the extent that appellant contests the applicability of the enhancement on the basis of the nature of the depictions in the photographs he transmitted, his argument is meritless. “[E]ven if an individual is convicted under 18 U.S.C. § 2252(a)(4)(B) of possession [of child pornography], the Guidelines expressly contemplate more severe punishment by application of Section 2G2.2 if the conduct involved something more than ‘simple possession,’ ” — in this case, distribution. See United States v. Johnson, 221 F.3d 83, 97-98 (2d Cir.2000); see also United States v. Lorge, 166 F.3d 516, 518-19 (2d Cir.1999). Moreover, the factual basis for the enhancement included his admission that he “trad[ed] child pornography on-line for ... two or three years” and that he received from, and facilitated the distribution of, child pornography via a “trusted on-line source.” Sterzelbach Sentencing Trans., Mar. 5, 2008 at 10-13. Having pled guilty to the count of possession of child pornography, he cannot now argue that the subject photographs were not sufficiently lascivious. See Johnson, 221 F.3d at 97-98.
Finally, we conclude that appellant’s sentence is substantively reasonable. In his plea agreement, the government and appellant agreed the applicable range was 33 to 41 months. In the agreement, appellant indicated his understanding that the district court was not bound by the sentencing guidelines and the government reserved its right to submit to the Probation Office and the district court all relevant information concerning the defendant and the offense. Before sentencing, the Probation Office submitted a presentence report that recommended a five-level enhancement for distribution, resulting in a range of 70 to 87 months. The district court nonetheless ultimately determined that a sentence of 60 months was “sufficient, but not greater than necessary [and] takes into account all of the discretionary factors.” Sterzelbach Sentencing Trans., Mar. 5, 2008, at 44. Upon review, we conclude the sentence “was well within the broad range of reasonable sentences that the District Court could have imposed in the circumstances presented.” Fernandez, 443 F.3d at 34.
For the foregoing reasons, the order of the District Court is hereby AFFIRMED.